IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: SuperMedia, LLC,<br><br>                          Debtor. | Chapter 11<br>Bankruptcy Case No. 13-10546-KG |
| SuperMedia, LLC,<br><br>                         Appellant,<br><br>        v.<br><br>Yellow Pages Photos, Inc.,<br><br>                         Appellee. | Civil Action No. 15-129-RGA |

## **MEMORANDUM ORDER**

At Wilmington on this 6 day of August, 2015, this matter being before the Court on SuperMedia, LLC's appeal (D.I. 1) from the December 29, 2014 Post-Trial Opinion (D.I. 1-1) and Order (D.I. 1-2) of the United States Bankruptcy Court for the District of Delaware; Yellow Pages Photos, Inc.'s Motion to Dismiss (D.I. 7) this appeal; and having considered the parties' papers submitted in connection therewith,

IT IS HEREBY ORDERED that:

1. Yellow Pages Photos, Inc.'s Revised Motion to Dismiss (D.I. 7) is **GRANTED IN PART** and **DENIED IN PART**, as further set forth:

    a. The Bankruptcy Court's decision to deny Yellow Pages Photos, Inc.'s request for an administrative expense claim is final under 28 U.S.C. § 158(a) and the Court does have jurisdiction to review that discrete issue; and

    b. The Bankruptcy Court's decision to allow Yellow Pages Photos, Inc.'s pre-petition claim is not final under 28 U.S.C. § 158(a) and SuperMedia's appeal from that decision is **DISMISSED**.

Background. SuperMedia, LLC filed a petition for chapter 11 bankruptcy relief on March 18, 2013. (Bankr. Case No. 13-10546, D.I. 1). Prior to bankruptcy, Yellow Pages Photos, Inc. ("Yellow Pages") had entered into an agreement to license certain collections of images to SuperMedia. (D.I. 8, at pp. 3–4). After SuperMedia's bankruptcy filing, Yellow Pages alleged that SuperMedia had misappropriated the images in breach of the license agreement and in violation of federal copyright laws. (*Id.*, at p. 4). Yellow Pages filed a proof of claim seeking allowance of damages against the bankruptcy estate for the alleged violations that occurred prior to the bankruptcy filing. (*Id.*). Yellow Pages also filed a motion for administrative expenses seeking to recover for SuperMedia's alleged violations that continued to occur after the bankruptcy filing, but before the effective date of the plan of reorganization. (*See* D.I. 1-1, at p. 47).

Upon Yellow Pages' request, the Bankruptcy Court agreed to bifurcate trial into two stages to determine liability, and then, if necessary, to assess damages. (D.I. 9, Ex. D, at p. A71; D.I. 9, Ex. E, at p. A107). After conducting the first stage of trial, the Bankruptcy Court issued its December 29, 2014 Opinion and Order finding that SuperMedia had breached the license agreement and committed copyright infringement. (D.I. 1-1, at p. 49). The Bankruptcy Court concluded that these violations occurred entirely pre-petition, and thus it denied Yellow Pages' request for an administrative expense claim, but allowed its pre-petition claim. (*Id.*). The second stage of trial began in July 2015 to assess damages. SuperMedia filed a timely notice of appeal in this Court. (D.I. 1). Yellow Pages filed a Motion to Dismiss the appeal and both parties have fully briefed the issues. (D.I. 7; D.I. 8; D.I. 11).

Contentions. Yellow Pages argues that the Court lacks jurisdiction and should thus dismiss this appeal because the Bankruptcy Court's Order is not a final order for purposes of 28 U.S.C. §158(a). (D.I. 7, at p. 7). Its analysis of the finality of the Bankruptcy Court's Order

2

largely focuses on the portion of the Opinion allowing the proof of claim. Yellow Pages suggests that the Opinion will have no impact on the assets of the estate, since its proof of claim will be paid in full. (*Id.*, at p. 8). Yellow Pages also contends that because the Bankruptcy Court has not yet determined damages for SuperMedia's infringement, further fact-finding will be necessary. (*Id.*, at pp. 8–9). Yellow Pages maintains that even if the Court construes SuperMedia's notice of appeal as a request for leave to appeal from an interlocutory order, there is no basis for such leave. (*Id.*, at pp. 9–10).

SuperMedia, on the other hand, focuses on the finality issue as it pertains to the Bankruptcy Court's denial of the administrative expense claim. It argues that Yellow Pages has conceded that the Bankruptcy Court's decision regarding the administrative expense claim has been definitively resolved. (D.I. 8, at p. 8). In its view, finality attached to the Bankruptcy Court's Opinion and Order when it conclusively denied Yellow Pages' motion for administrative expenses. (*Id.*).[1]

Standard of Review. Appeals from the Bankruptcy Court to this Court are governed by 28 U.S.C. § 158. Pursuant to § 158(a), district courts have mandatory jurisdiction to hear appeals "from final judgments, orders, and decrees" and discretionary jurisdiction over appeals "from other interlocutory orders and decrees." 28 U.S.C. § 158(a)(1) and (3). In bankruptcy cases, a reviewing court construes finality "more broadly than for other types of civil case." *In re Armstrong World Indus., Inc.*, 432 F.3d 507, 511 (3d Cir. 2005). "Because bankruptcy proceedings are often protracted, and time and resources can be wasted if an appeal is delayed until after a final disposition, [Third Circuit] policy has been to quickly resolve issues central to

---

[1] SuperMedia does not alternatively request that the Court treat its notice of appeal as a request for leave to file an interlocutory appeal, if the Court finds that the Bankruptcy Court's Order is not final. Therefore, the Court does not consider that possibility any further.

the progress of a bankruptcy." *Id.* The Third Circuit's approach to finality is flexible and pragmatic. *See In re Kaiser Grp. Int'l, Inc.*, 400 B.R. 140, 143 (D. Del. 2009).

The four factors relevant to determine whether the Bankruptcy Court's Opinion is a final, appealable order are: "(1) The impact on the assets of the bankrupt estate; (2) Necessity for further fact-finding on remand; (3) The preclusive effect of [the appellate] decision on the merits of further litigation; and (4) The interest of judicial economy." *Buncher Co. v. Official Comm. of Unsecured Creditors of GenFarm Ltd. P'ship IV*, 229 F.3d 245, 250 (3d Cir. 2000). "[N]o specific combination of factors is dispositive." *In re Kaiser Grp.*, 400 B.R. at 143. However, "[t]he most important of these factors is the impact on the bankruptcy estate." *Buncher*, 229 F.3d at 250.

Discussion. The Bankruptcy Court' Opinion made two separate findings. (*See* D.I. 1-1, at p. 49) ("[T]he Court will deny the request for allowance of an administrative claim, but will allow the claim in an amount to be determined."). Both parties conflate these two separate decisions for the purposes of finality. Although related, the Court will assess finality individually for each of these two decisions: (1) the denial of Yellow Pages' motion for an administrative expense claim, and (2) the finding of liability for Yellow Pages' pre-petition claim. *See In re Trans World Airlines, Inc.*, 1993 WL 559245, at *5 (D. Del. June 22, 1993) ("the Court finds that it is appropriate to analyze each of these separate, albeit related, decisions independently in order to determine if this Court has jurisdiction to review any or all of those decisions."); *see also In re Delaware & Hudson Ry. Co.*, 129 B.R. 388, 393 (D. Del. 1991).

### 1. Denying Yellow Pages' Request for an Administrative Expense Claim

The Court finds that the Bankruptcy Court's decision denying Yellow Pages' motion for administrative expenses is final for purposes of 28 U.S.C. § 158(a). This decision fully resolved a discrete claim and left nothing more for the Bankruptcy Court to decide. *See In re Truong*, 513

4

F.3d 91, 94 (3d Cir. 2008). In a similar situation, the Third Circuit has "conclude[d] that an order expunging a creditor's claim in an ongoing bankruptcy proceeding is a final order immediately appealable to the district court under section 158(a)." *Walsh Trucking Co. v. Ins. Co. of N. Am.*, 838 F.2d 698, 701 (3d Cir. 1988). The Bankruptcy Court's decision to deny that motion nullified a claim against the estate, and thus, those claimed assets of the estate became available to distribute elsewhere. Unlike Yellow Pages' pre-petition claim, the administrative expense issue is fully resolved and requires no further fact-finding. The Court finds no countervailing concerns of judicial economy that would weigh against finality. The denial of Yellow Pages' administrative expense claim is a final, appealable decision, and the Court has jurisdiction to review this portion of the Bankruptcy Court's Opinion.[2]

### 2. The Bankruptcy Court's Finding of Pre-Petition Liability

On the other hand, the Court finds that the Bankruptcy Court's allowance of Yellow Pages' pre-petition claim is not final under 28 U.S.C. § 158(a). This issue remains only partially adjudicated as a result of the Bankruptcy Court's procedural decision to bifurcate trial. (*See* D.I. 9, Ex. E, at p. A107). The Third Circuit has repeatedly held that when a court makes a finding of liability, but does not yet determine damages, that decision is not final. *In re Natale*, 295 F.3d 375, 379 (3d Cir. 2002) (citing *In re White Beauty View, Inc.*, 841 F.2d 524, 526 (3d Cir. 1988)) ("Nor is an order final when it upholds liability, but does not fix the amount of damages."); *see Becton Dickinson & Co. v. Dist. 65, United Auto., Aerospace & Agr. Implement Workers of Am., AFL-CIO*, 799 F.2d 57, 61 (3d Cir. 1986) (finding that order awarding attorney fees, but not yet

---

[2] It is worth noting that this decision may have no practical significance. Based on the procedural posture of this case, SuperMedia—the party that prevailed on this issue below—is the party that brings the appeal to this Court.

5

determining the amount, was not final); *see In re Jeannette Corp.*, 832 F.2d 43, 46 (3d Cir. 1987) (same).

A majority of the applicable factors also supports this conclusion. Yellow Pages' pre-petition claim will affect the assets of the estate only if and when the Bankruptcy Court assesses damages. *See In re Brown*, 803 F.2d 120, 122 (3d Cir. 1986) (finding that district court order was not final when it determined liability under 11 U.S.C. § 362, but remanded to determine damages). As the July 2015 trial demonstrates, this dispute requires more fact-finding to determine the value of the claim before the Bankruptcy Court can issue a final judgment. *See Dal-Tile Int'l, Inc. v. Color Tile, Inc.*, 203 B.R. 554, 557 (D. Del. 1996). The interest of judicial economy militates against a finding of finality on this issue. Since the second stage of trial is currently ongoing in the Bankruptcy Court, reviewing the pre-petition liability decision at this juncture could be premature and duplicative. *See In re Brown*, 803 F.2d at 122 ("In this case, damages have not been assessed against the Credit Union. If we upheld the district court's order, there is a likelihood that we would be faced with a second appeal in this case."). This portion of the Bankruptcy Court's Opinion is not final, and therefore, this Court does not have jurisdiction to review that decision.

Conclusion. The Court will grant in part and deny in part Yellow Pages' Revised Motion to Dismiss. (D.I. 7). SuperMedia's appeal may proceed with respect to the Bankruptcy Court's denial of Yellow Pages' motion for an administrative expense claim; however, the appeal is dismissed with respect to the Bankruptcy Court's allowance of Yellow Pages' pre-petition claim.

August ___, 2015  
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE